IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIAM C. COLEY,

    Petitioner,

vs.                                         Case No. 4:08cv388-SPM/WCS

WALTER A. McNEIL,

    Respondent.

                                 /


**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

      This cause was recently transferred to the undersigned for all further proceedings. Doc. 20. The initial 28 U.S.C. § 2254 petition was filed in the Southern District of Florida on June 2, 2008 (the date delivered to prison officials for mailing), and then transferred to this district. Doc. 13 (file as transferred). Pursuant to court order, doc. 16, an amended § 2254 petition was filed. Doc. 21. Petitioner, incarcerated at Dade Correctional Institution, challenges the judgment of the Fourteenth Judicial Circuit in Bay County in case 96-1704B.

      At the outset, the amended petition is not entirely in compliance with the court order. Petitioner was advised not to file exhibits, doc. 16, pp. 2-3, and though he did not

file exhibits the memorandum in support of the amended petition references exhibits. Petitioner was directed to file an amended petition and two identical service copies, doc. 16, p. 3, but he submitted only one service copy.  On the form petition Petitioner indicates that he appealed the denial of his motion to correct sentence (filed May 20, 2002) but cannot recall the date of the order or appeal.  Doc. 21, p. 3.  Yet in the attached memorandum Petitioner indicates that the motion filed May 20, 2002, was denied on July 19 and affirmed on appeal on October 4, 2002.  Doc. 21, attached memorandum, pp. 2-3.  There is no need to require the filing of a second amended petition, however.

There is a one year time limit for filing a § 2254 petition.  The one year runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," absent circumstances triggering a later commencement date.  § 2244(d)(1)(A)-(D).[1]  The period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  § 2244(d)(2).

Petitioner gives the date of his conviction and sentence as December 2, 1996. Doc. 21, p. 1.  As he did not appeal, his conviction became final on January 2, 1997, when the time for filing a direct appeal expired.  *See* Fla.R.App.P. 9.140(b)(3) (allowing

---

[1] The limitations period runs from the latest of specified dates, which also include (in addition to that quoted above): the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence.  § 2244(d)(1)(A)-(D).  None of these later dates is implicated by the petition or record in this case.

Case No. 4:08v388-SPM/WCS

30 days from rendition of a written order imposing sentence) (January 1 was a holiday). The one year expired in early 1998. Petitioner indicates he filed a Fla.R.Crim.P. 3.800(a) motion on May 20, 2002, but even assuming this was a properly filed motion which would otherwise toll the period under § 2244(d)(2), when it was filed there was no time remaining to toll. See Tinker v. Moore, 255 F.3d 1331, 1333-35 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) (involving a Florida prisoner who filed a motion within the two years allowed by Rule 3.850 but after the one year of § 2244(d) had already expired; "remind[ing] petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

Moreover, the sole ground for relief is that the state court erroneously sentenced Petitioner as an habitual offender. Doc. 21, p. 4. This is a challenge to the determination of the trial court on an issue of Florida sentencing law, which is not cognizable under § 2254. Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988). As in this case, the petitioner in Branan challenged his Florida sentence based on an alleged error by the state court in applying the sentencing guidelines. 861 F.2d at 1507-08. He asserted that, under Florida law, his sentence should have been shorter, and that the error denied him due process and equal protection. As explained by the Eleventh Circuit,

> It is clear from [§ 2254(a)] that a habeas petition grounded on issues of state law provides no basis for habeas relief. In the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process."

*Id.*, at 1508 (citations omitted).  In this case, as there, though Petitioner has "couched" his state sentencing guidelines claim as one of constitutional error, he has presented only a state law claim which does not entitle him to federal habeas corpus relief.  *See also* Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) ("federal habeas corpus relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations and footnote omitted); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1987) ("[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

It is therefore respectfully **RECOMMENDED** that the § 2254 petition challenging the judgment of the  judgment of the Fourteenth Judicial Circuit in Bay County in case 96-1704B, be **SUMMARILY DISMISSED** as untimely and for failing to state a cognizable claim.

**IN CHAMBERS** at Tallahassee, Florida, on October 27, 2008.


  S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.